ORIGINAL

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE INTEREST OF B.D.B.<br>DoB: 05/21/2001),<br><br>MINOR,<br><br>CATHLEEN BURGESS,<br><br>PETITIONER,<br><br>v.<br><br>ANNETTE K. DUNMIRE,<br><br>RESPONDENT. | ) FOREIGN ORDER CASE NO. FO0001-14<br>)<br>) DECISION & ORDER ON<br>) JURISDICTION AND FORUM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## I. INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on a continued Order to Show Cause Hearing[1] on September 10, 2014. Cathleen Burgess ("Petitioner") was present and represented by Attorney Daniel S. Somerfleck. Annette K. Dunmire ("Respondent") appeared *pro se* and, with leave of court, over Skype. The Court heard from both Parties on the issue of its jurisdiction, under the Uniform Child-Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified in Guam at 7 GCA §§ 39101-

---

[1] Earlier-scheduled hearings on May 2, 2014 and June 4, 2014 were continued upon Respondent's request.

39403. The Court ruled from the bench that the undisputed facts support its continuing jurisdiction to modify the child-custody orders in this matter and now issues this Decision & Order to memorialize its findings

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This matter first came before the Court on April 4, 2014 for a Motion Hearing on an Ex Parte Motion for Order to Show Cause to Modify Custody ("Motion for OSC") and a Petition to Register Foreign Judgment and Ex Parte Motion for Temporary Emergency Jurisdiction both filed on April 3, 2014. Based upon the Declarations of Petitioner and Attorney Somerfleck, this Court heard the matter *ex parte* due to Petitioner's allegations of past verbal abuse and the possibility of imminent physical abuse. Decl. of Petitioner ¶¶ 7, 9 (Apr. 3, 2014). At the Motion Hearing, the Court was satisfied that Petitioner had made reasonable attempts to provide notice to Respondent through her counsel in Florida. *See also* Decl. Daniel S. Somerfleck ¶ 2.a (Apr. 3, 2014).

Finding good cause to exercise temporary emergency jurisdiction under 7 GCA § 39204(a), the Court stayed the minor child's impending Easter Break visitation and granted Petitioner temporary sole physical and legal custody. In accordance with 7 GCA § 39204(c), the Court's exercise of temporary emergency jurisdiction specifically expired by the date of next hearing on May 2, 2014, such expiration intended to allow Respondent to enter an appearance and address Petitioner's allegations. *See* Re-Issuance of Order to Show Cause Re: Temporary Restraining Orders; Custody at 2 (Apr. 4, 2014).

ORIGINAL

The Court issued further extensions of its temporary emergency jurisdiction on May 2 and June 30 to reflect the continued hearing dates requested by Respondent in order to obtain counsel. Ultimately, Respondent was unable to obtain counsel and appeared via Skype at the September 10, 2014 Order to Show Cause Hearing and objected to the Superior Court of Guam's continuing jurisdiction over this matter and moved for dismissal under the doctrine of *forum non conveniens*.

## III. LAW AND ANALYSIS

### a. UNDISPUTED FACTS

The Court finds the following facts are undisputed by the Parties and hereby adopts them in this decision and order: Petitioner and the minor child have resided on Guam since August 2012 and continuously so since September 2013. Furthermore, Petitioner has renewed her contract as a high school teacher for the Department of Defense in Guam and intends to reside here for at least two more years. Respondent is a resident of Massachusetts. The Florida custody order was issued on August 17, 2012 and the minor child has not been physically present in Florida since September 2013.

### b. GUAM HAS JURISDICTION TO MODIFY THE CUSTODY ORDER

Based upon the above undisputed facts, the Court finds that Guam, beyond temporary emergency jurisdiction now has general and continuing jurisdiction to modify the Florida custody order. Under 7 GCA § 39203(2) none of the involved Parties in this action reside in Florida under and this Court would have jurisdiction to make an initial custody determination under both 7 GCA §§ 39201(a)(1) and (2).

Under 7 GCA §§ 39201(a)(1-2), Guam would have jurisdiction to make an initial custody determination in this matter as it has been the home state of the minor child for the last six months and the minor child's continuous residency in Guam for one year means no other state could be considered a home state that would support a finding of jurisdiction there under § 39201(a)(1); both Petitioner and the minor child have significant connections with Guam beyond mere physical presence through minor child's schooling and Petitioner's employment; and there is substantial evidence available to this Court concerning the minor child's well-being. The available evidence includes, but is not limited to, a court-ordered custody study from the Department of Public Health and Social Services under 19 GCA § 8404(d); the *in camera* interview with the minor child the undersigned conducted on September 10, 2014; the availability of reports and testimony from medical and psychiatric professionals who currently treat the minor child; and the verified copies of pleadings in earlier actions involving the Parties.

### c. GUAM IS A PROPER FORUM

While the Court is sympathetic to the inconvenience of Guam as a forum for Respondent given the time differences and communication difficulties, exacerbated when Respondent acts *pro se*, the issue does not divest this Court of the statutorily-granted jurisdiction of the above analysis. An inconvenient forum only merits this Court <u>consider</u> not exercising its jurisdiction if it can determine another more appropriate forum exists under 7 GCA § 39207(a) and virtually a non-issue now that

the Court has determined that Guam is arguably the optimal jurisdiction under 7 GCA §§ 39201 and 39203. Respondent's personal claim of *forum non coveniens* does not outweigh the convenience of this forum for the minor child and Petitioner nor merit disregarding that in Guam law, "the plaintiff's choice of forum is usually to be respected." *Speicher v. Speicher*, 2013 Guam 11 ¶ 10 (citing *PCI Communications, Inc. v. GST Pacwest Telecom Hawaii, Inc.*, 1999 Guam 17 ¶ 41 (quoting *Walter Fuller Aircraft Sales, Inc. v. Republic of the Philippines*, 965 F.2d 1375, 1389 (5th Cir. 1992)

## IV. CONCLUSION

For the above reasons, this Court finds it earlier exercised temporary emergency jurisdiction in temporarily suspending visitation with Respondent and the extensions of that jurisdiction were necessitated by Respondent's requests for time to seek counsel and were made for Respondent's benefit. The Superior Court of Guam now has jurisdiction to modify any earlier custody orders involving the Parties and can proceed to hear any petition to register a foreign judgment under 7 GCA § 39305 and modify such judgment in the best interest of the minor child under 7 GCA § 39203 and such jurisdiction is exclusive and continuing under 7 GCA § 39202.

**SO ORDERED** *NUNC PRO TUNC* to hearing date of September 10, 2014, this 24th day of November, 2014.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

*IN RE B.D.B.*, FO0001-14
Decision & Order on Jurisdiction and Forum
Page 5 of 5

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: _Somerlech_

Date: 11/24/14 Time: _____

Deputy Clerk, Superior Court of Guam

ORIGINAL